UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jimmy Dickerson, # 157113;<br><br>　　　　　　　　　Plaintiff;<br><br>vs.<br><br>Joey McKnight, Lieutenant at Florence County Detention Center; and John Lambert, Warden of Florence County Detention Center;<br><br>　　　　　　　　　Defendants. | C/A No. 6:05-2253-RBH-WMC<br><br>**Report and Recommendation** |

The Plaintiff, Jimmy Dickerson (hereafter, the "Plaintiff"), has brought action under Title 42 United States Code §1983. Pursuant to 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in such prisoner cases and submit findings and recommendations to the District Court.

## BACKGROUND

The narrative from the Complaint is replicated below verbatim:

> Larry W. Propes Clerk U.S. District Court  Jimmy Dickerson was sentenced 30 years from Florence County Detention Center.  He was at Liber [sic] at the time for his hearing  Dickerson Jimmy was at the new jail 6719 Friend Field Rd Effingham S.C. 296-541.  He was placed in a four point restraing [sic] chair for twenty hours.  Its was [sic] in 6719 Friend Field Rd. of Effingham SC 29541.
> He was heard [sic] voices during hearing Allendale Correctional Institution Center did surgery on my back took a bullet out left me handicapped.
> Plaintiffs Jimmy Dickerson 157113 B.M.  Ms. Doris Frank was murder [sic] and rape.  The son n-law [sic] take him for a DNA test the judge Ms. Doris Frank work for Florence County Detention Center  Jimmy Dickerson in four point restaing [sic] out the chair he was stripe [sic] me out of my clothes.  The next day was the hearing after the hearing back to Liber [sic] Dept. of Corr.  From Liber [sic] to Broad River Corr Inst.  SCDC #157113  4460 Broad River Road, Columbia, SC 29210.
> Jimmy Dickerson its was [sic] a emergecy [sic] Hospital;  He has a coma was in tensive [sic] care a week or two eyes close at Columbia, S.C. 29210.
> Mr. Larry W. Propes Clerk you can call Dr. Alewine the doctor allso [sic] call Allendal [sic] Correctional Institution did surgery on my back.

1

> Ms. Doris Frank was rape and murder.  The son n-law take me for a DNA test.  The Doctor give the DNA test blood to the son n-law its was [sic] opening Mr. Larry W. Propes Clerk Jimmy Dickerson take a shot at Broad River Corr. Inst at [sic] he heard "voices" call Doctor Dr. [sic] Alewine and his "coma."  He was placed in four point restaints [sic] for twenty hours.  The new jail 6719 Friend Field Road Effingham, S.C. 29541.
> No nurse seeing him in the chair or out the chair.  Mr. Larry W. Propes on the street I was in a mental hospital and vocational rehabilation [sic] center.  He mental.  He schizphrenia.  The plaintiff requests his "freedom" and twenty three million dollars Mr. Larry W. Propes Clerk call Dr. Alewine about the "coma."
> Mr. Larry W. Propes, Ms. Doris Frankin work for United States Magiste [sic] Judge.  Ms. Doris Frankin son -nlaw [sic] worker [sic] the Florence S.C. Detention Center.  I've been sentenced from Florence, S.C.  My lawsuit is on 6719 Friend Field Effingham, S.C. 29541.  Joey McKnight and John Lamber Warden.  Jimmy Dickerson plaintiff is true and correct.

[1-1, pp. 3-5.]

## *PRO SE* **COMPLAINT**

Plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction.  *Hughes v. Rowe*, 449 U.S. 5 (1980);  *Estelle v. Gamble*, 429 U.S.97 (1976);  *Haines v. Kerner*, 404 U.S. 519 (1972);  *Loe v. Armistead*, 582 F. 2d 1291 (4th Cir. 1978);  *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978).   *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Hughes v. Rowe, supra*.  Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal.  Liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented."  *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## **FAILURE TO STATE A CLAIM**

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without paying the administrative costs of proceeding with the action. However, to protect against possible abuses of this privilege, the statute directs that a district court "shall dismiss" a case upon a finding that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The Complaint makes no specific allegations concerning either of the named Defendants. In the final analysis, the Complaint is little more than a series of incoherent sentence fragments. Vague references to use of "four point restraints" do not allow this Court to determine where or when these alleged events occurred. Even applying liberal construction to Plaintiff' Complaint, he has failed to state an intelligible claim upon which this Court could grant relief.[1]

Even if Plaintiff's present Complaint stated a viable claim under 42 U.S.C. §1983, he has "struck out" under the provisions of the Prison Litigation Reform Act (PLRA), 28 U.S.C. §1915(g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is barred from bringing the present action without prepaying the filing fee because on three (3) prior occasions he has suffered dismissals (so-called "strikes") on the above recited statutory grounds: *Dickerson v. Miro*, 4:97-3677-WBT-MBS (D.S.C.

---

[1] – Plaintiff filed a very similar Complaint in Dickerson v. McKnight, et al., t:04-22649-RBH-WMC (D.S.C. 2004). Certain passages in the present Complaint are identical to those in his previous action.

3

1997); *Dickerson v. Ward, et al.*, 4:96-2982-WBT-MBS; and *Dickerson v. Ward, et al.*, 4:96-2982-WBT-MBS.

This court may take judicial notice of these three prior civil actions. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Shoup v. Bell & Howell*, 872 F.2d 1178, 1182, 1989 (4th Cir. 1989); *Mann v. Peoples First National Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954). In the present action, Plaintiff does not claim to be under imminent danger of serious physical injury. Under the PLRA, therefore, he cannot proceed in this action without pre-payment of the Two Hundred Fifty Dollar ($250.00) filing fee.

## **RECOMMENDATION**

Since Plaintiff has already "struck out" the imposition of further strikes would serve no purpose. Therefore, it is therefore recommended that the within action simply be dismissed without prejudice.

s/William M. Catoe
United States Magistrate Judge

August 17, 2005
Greenville, South Carolina

4

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
& The Serious Consequences of a Failure to Do So**

The petitioner is hereby notified that any objections to the attached Report and Recommendation must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See Mathews v. Weber*, 423 U.S. 261, 270-271 (1976).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n. 4 (4th Cir.); and *Wright v. Collins*, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. *Howard v. Secretary of HHS*, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also Praylow v. Martin*, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court). In *Howard*, *supra*, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. \* \* \* This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. \* \* \* We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord Lockert v. Faulkner*, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. \* \* \* A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also Branch v. Martin*, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and *Goney v. Clark*, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice apprises the petitioner of the consequences of a failure to file specific, written objections.** *See Wright v. Collins*, *supra*; and *Small v. Secretary of HHS*, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk
United States District Court
Post Office Box 10768
Greenville, South Carolina 29603**

5